## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ALYSSA MCGUIGAN**, an individual, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: 3:22-cv-00980 |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| **AROVAST CORPORATION d/b/a** | : | |
| **COSORI CORPORATION**, | : | |
| a California Corporation, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, **ALYSSA MCGUIGAN**, (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **WOCL LEYDON LLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **AROVAST CORPORATION d/b/a COSORI CORPORATION** (hereinafter referred to as "Defendant Cosori" or "Defendant"), alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.      Defendant Cosori designs, manufactures, markets, imports, distributes, and sells consumer kitchen products, including the subject "Cosori Premium 6-Quart Pressure Cooker," which specifically includes the Model Number CP016-PC (hereinafter referred to as "Pressure Cooker(s)") that is at issue in this case.

1

2.      Defendant touts its pressure cookers as "easy, simple, fast, and safe"[1] and boasts that each unit comes "equipped with ten safety mechanisms."[2]  These purported safety features include, amongst other things, "Lid Lock Safety,"[3] which Defendant states ensures that the "lid will stay locked until the float valve drops down."[4]  Despite Defendant's claims of "safety," they designed, manufactured, marketed, imported, distributed, and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects.  Said defects cause significant risk of bodily harm and injury to its consumers.

3.      Specifically, said defects manifest themselves when, despite Defendant's statements to the contrary, the lid of the pressure cooker is removable while built-up pressure, heat, and steam still remain inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be forcibly ejected from the unit and into the surrounding area, including onto unsuspecting consumers, their families, and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages including, catastrophic burn injuries to, *inter alia*, her chest, abdomen, right arm, and right thigh.

4.      Defendant knew or should have known of these defects, but nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

---

[1]https://www.youtube.com/watch?v=K2tCrU5HcPM&list=PLw2ndoy7xSooTyYP4dcAvWm6m
N0BcZMl9&index=5 (video with a runtime of 1:17) at 1:03-1:05 (last accessed July 29, 2022).
[2] *Id*. at 0:23-0:26.
[3] *Id*. at 0:23-0:24.
[4] *See* Cosori Premium 6-Quart Pressure Cooker, Model No.: CP016-PC Owner's Manual, pg. 10, incorporated by reference and attached hereto as Exhibit A.

5.     As a direct and proximate result of Defendant Cosori's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF ALYSSA MCGUIGAN

6.     Plaintiff is a resident and citizen of the City of Shelton, County of Fairfield, State of Connecticut.

7.     On or about August 31, 2019, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the Pressure Cooker's lid being able to be rotated and opened while the Pressure Cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the Pressure Cooker and onto Plaintiff. The incident occurred as a result of the failure of the Pressure Cooker's supposed "safety mechanisms,"[5] which purport to keep the consumer safe while using the Pressure Cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the Pressure Cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT COSORI

8.     Defendant Cosori designs, manufactures, markets, imports, distributes, and sells a variety of consumer kitchen products including, *inter alia*, pressure cookers, juicers, coffee makers, and air-fryers.

9.     Defendant Cosori claims to provide consumers with "intuitive kitchenware, fresh tech, and a wealth or recipes and community support"[6] which allow consumers to "cook like a pro."[7]

---

[5]https://www.youtube.com/watch?v=K2tCrU5HcPM&list=PLw2ndoy7xSooTyYP4dcAvWm6mN0BcZMl9&index=5 (video with a runtime of 1:17) at 1:03-1:05 (last accessed July 29, 2022).
[6] *See* https://cosori.com/ (last accessed July 29, 2022).
[7] *Id.*

10.     Defendant Cosori is a California Corporation, with a principal place of business located at 1439 West Chapman Avenue, Suite 126, Orange, California 92868.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction as prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff is a resident and citizen of this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

13.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Connecticut and intentionally availed itself of the markets within Connecticut through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

14.     Defendant Cosori is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the Pressure Cookers at issue in this litigation.

15.     On their Youtube channel, Defendant Cosori touts that its pressure cookers are "easy, simple, fast, and safe"[8] to use and boasts that each unit comes "equipped with ten safety mechanisms,"[9] including, but not limited to, "Lid Lock Safety"[10] and a "Lid Position Monitor."[11]

---

[8]https://www.youtube.com/watch?v=K2tCrU5HcPM&list=PLw2ndoy7xSooTyYP4dcAvWm6mN0BcZMl9&index=5 (video with a runtime of 1:17) at 1:03-1:05 (last accessed July 29, 2022).
[9] *Id*. at 0:23-0:26.
[10] *Id*. at 0:23-0:24.
[11] *Id*.

16.     In the Owner's Manual accompanying each individual unit sold, Defendant claims that the Pressure Cooker's display will warn users if the unit's lid is not securely closed.  Defendant states the display will show the message "Lid" if the lid is not closed properly and that the "Unlock" symbol located on the display will "[flash] red when lid is not properly secured to the housing."[12]

17.     Defendant further claims that the Pressure Cooker's "lid will stay locked until the float valve drops down,"[13]  which misleads the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use.

18.     By reason of the forgoing acts or omissions, the above-named Plaintiff's mother purchased the Pressure Cooker for Plaintiff with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

19.     Plaintiff used her Pressure Cooker for its intended purpose of preparing meals for herself and/or her family and did so in a manner that was reasonable and foreseeable by Defendant Cosori.

20.     However, the aforementioned Pressure Cooker was defectively designed and manufactured by Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the Pressure Cookers.

---

[12] *See* Cosori Premium 6-Quart Pressure Cooker Owner's Manual, pg. 10.
[13] *Id*. at pg. 7.

21.    Defendant Cosori's Pressure Cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

22.    Further, Defendant Cosori's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

23.    Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

24.    Defendant knew or should have known that its pressure cookers possessed defects that posed a safety risk to Plaintiff and the public.  Nevertheless, Defendant Cosori ignored and/or concealed its knowledge of the Pressure Cookers' defects from the general public and continued generating a substantial profit from the sale of their Pressure Cookers.

25.    As a direct and proximate result of Defendant Cosori's concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous Pressure Cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

26.    Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant Cosori's Pressure Cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### CONNECTICUT PRODUCT LIABILITY ACT
### C.G.S.A. §52-572m, et seq.

27.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and succeeding paragraphs as though set forth fully at length herein.

28.     Plaintiff is a "claimant" as the term is defined by C.G.S.A. §52-572m(c).

29.     At all times relevant to this action, Defendant Cosori engaged in the business of selling its Pressure Cookers for use in the State of Connecticut, and elsewhere throughout the United States, and is therefore a "product seller" as the term is defined by C.G.S.A. §52-572m(a).

30.     At all times relevant to this action, Defendant Cosori designed, assembled, fabricated, constructed, processed, packaged, and/or otherwise prepared the Pressure Cooker at issue in this case and is therefore a "manufacturer" as the term is defined by C.G.S.A. §52-572m(e).

31.     At the time of Plaintiff's injuries, Defendant Cosori's Pressure Cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

32.     Defendant Cosori's Pressure Cookers were in the same or substantially similar condition as when they left Defendant's possession

33.     Plaintiff did not misuse or materially alter the Pressure Cooker.

34.     Defendant Cosori's conduct and omissions violated C.G.S.A. §52-572m, et seq, as follows:

   a.   The Pressure Cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b.   The seriousness of the potential burn injuries resulting from the product drastically outweigh any benefit that could be derived from its normal, intended use;

   c.   Defendant failed to properly market, design, manufacture, distribute, supply, and sell the Pressure Cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

7

d.  Defendant failed to warn and place adequate warnings and instructions on the Pressure Cookers;

e.  Defendant failed to adequately test the Pressure Cookers;

f.  Defendant failed to provide timely and adequate post-marketing warnings and instructions after they knew the risk of injury posed by their Pressure Cookers; and

g.  Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiffs' injuries and damages.

35.  Plaintiff's mother purchased the Pressure Cooker for Plaintiff with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

36.  Defendant's actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

37.  Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market its Pressure Cookers to the general public.

38.  Defendant risked the safety and well-being of the consumers and users of their Pressure Cookers, including the Plaintiff to this action, while possessing the knowledge of the Pressure Cookers' safety and efficacy problems, and suppressed this knowledge from the public.

**WHEREFORE**, Plaintiff demands judgment against Defendant Cosori for compensatory and punitive damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT II
## PUNITIVE DAMAGES
### C.G.S.A. §52-240B

39.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

40.     The acts, conduct, and omissions of Defendant in violation of the C.G.S.A. §52-572m, et seq., as alleged in this Complaint, were committed with reckless disregard for the safety of consumers, such as Plaintiff, to whom Defendant's Pressure Cookers were promoted and sold for use.

41.     Despite its knowledge that the lid could be prematurely removed while the unit remained pressurized, Defendant made a conscious decision not to redesign the product, despite the existence of an economically feasible, safer alternative design.

42.     Further, despite its knowledge that the lid could be prematurely removed while the unit remained pressurized, Defendant made a conscious decision not to adequately label, warn, or inform the unsuspecting consuming public about the dangers associated with the use of its Pressure Cookers.

43.     Prior to and during the manufacturing, sale, and distribution of its pressure cookers, Defendant knew that said Pressure Cookers were in a defective condition as previously described herein, and knew that those who purchased and used their pressure cookers, including Plaintiff, could experience severe physical, mental, and emotional injuries.

44.     Further, Defendant knew that its Pressure Cookers presented a substantial and unreasonable risk of harm to the public, including Plaintiff, and as such, Defendant unreasonably subjected consumers of said pressure cookers to risk of serious and permanent injury from their use.

45.     Despite this knowledge, Defendant, for the purpose of enhancing its profits, knowingly and deliberately failed to remedy the known defects in its Pressure Cookers, and failed to warn the public, including Plaintiff, of the extreme risk of injury occasioned by said defects inherent in them. Defendant intentionally proceeded with the manufacturing, sale, distribution and marketing of its Pressure Cookers knowing these actions would expose consumers, such as Plaintiff, to serious danger in order to advance its pecuniary interest and monetary profits.

46.     As a direct and proximate consequence of Defendant's reckless disregard for consumer safety, and the safety of Plaintiff, Plaintiff suffered catastrophic burn injuries including, *inter alia*, partial-thickness burns to her chest, abdomen, right arm, and right thigh.

47.     As a direct and proximate consequence of Defendant's reckless disregard for consumer safety, and the safety of Plaintiff, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Cosori for compensatory and punitive damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff demands judgment against the Defendant Cosori for damages, including punitive damages if applicable, to which she is entitled by law, as well as all costs of this action and interest, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's Pressure Cooker;

c.  pre and post judgment interest at the lawful rate;

d. punitive damages as permitted by the law;

e.   a trial by jury on all issues of the case; and

f.   for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.


                                        Respectfully Submitted,

Dated: August 2, 2022                   THE PLAINTIFF,


                                    By /s/ *Brenden P. Leydon*
                                        Brenden P. Leydon, Esq.
                                        WOCL LEYDON LLC
                                        80 Fourth Street
                                        Stamford, CT 06905
                                        Phone: (203) 333-3339
                                        Fax: (203) 324-1407
                                        Email: BLeydon@woclleydon.com
                                        Federal Bar No.: CT16026

                                        *In association with:*

                                        **JOHNSON BECKER, PLLC**

                                        Adam J. Kress, Esq. (MN #0397289)
                                        *Pro Hac Vice to be filed*
                                        444 Cedar Street, Suite 1800
                                        St. Paul, MN 55101
                                        (612) 436-1800 / (612) 436-1801 (f)
                                        akress@johnsonbecker.com

                                        *Attorneys for Plaintiffs*